IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 2:14-00117

**DAVID E. RUNYON**

SENTENCING MEMORANDUM

Comes now the United States of America, by Meredith George Thomas, Assistant United States Attorney for the Southern District of West Virginia, and files this Sentencing Memorandum.

**I.  Defendant's Role in the Offense**

David Runyon was the general manager at Mountain Laurel Mining Complex, where his duties encompassed all operations. He participated in and benefited from an assortment of schemes where he and other Mountain Laurel employees were paid cash kickbacks by vendors in exchange for their continued business at Mountain Laurel, and he ensured their payment of kickbacks through the wrongful use of fear of economic loss.  Defendant further admitted to evading income taxes due and owed to the Internal Revenue Service.

**II.  Relevant 18 U.S.C. § 3553(a) factors**

The United States believes generally that the presentence report adequately sets forth the nature and circumstances of the offense and the history and characteristics of defendant.

The United States wishes to emphasize, however, defendant's status at the Mountain Laurel Mining Complex and the impact his criminal conduct had on significant aspects of purchasing at Mountain Laurel. During the period that he was in a leadership role at Mountain Laurel, Runyon wielded the purse strings of Mountain Laurel in an arrogant and corrupt manner to profit himself, other Mountain Laurel employees, and select vendors. He ensured that those select vendors profited mightily, with what were essentially sole-source contracts. This profit, alongside Runyon's extortion which indicated that they would lose their significant, and financially beneficial, relationships with Mountain Laurel if they did not comply with paying kickbacks, ensured those vendors' participation in kickback schemes. His management style supported a culture where vendors and employees alike participated in assorted schemes to guarantee that they lined their own pockets, apparently with no regard to the unlawfulness of their actions or the potential effect on Arch Coal. After reaping the benefits of his extortion kickback schemes, Runyon then pocketed much of the money and further evaded taxes by failing to pay taxes on those funds.

The parties ultimately affected by Runyon's extortion were Arch Coal, whose subsidiary owned the Mountain Laurel Mining Complex, and those vendors who lacked even the opportunity to participate in bidding or selection for work at Mountain Laurel because they did

not pay to play. These kickbacks given by vendors and received by Mountain Laurel employees placed Arch Coal at the risk of economic harm, including divided loyalties, wherein an employee is no longer solely interested in the well-being of the company ultimately benefitting from owning Mountain Laurel, but instead the employee has an interest in maintaining and protecting the ongoing relationship between the vendor and the company. Arch Coal did not get the benefit of arms' length transactions, and vendors not within the inner circle and participating in kickbacks could not compete to provide services which very well could have been of a higher quality or a better price. At the very least, instead of Runyon and other Mountain Laurel employees pocketing the funds from vendors in exchange for steering work to the vendors, Arch Coal should have received better prices in the amount equal to the kickbacks from the involved vendors on all the goods and services at issue.

Furthermore, the United States was a victim, insofar as Runyon failed to pay taxes on his ill-gotten gains. Defendant's conduct was serious, extended over a number of years, and involved a large tax loss.

**III. Restitution**

The Defendant has agreed to pay restitution to Arch Coal and to the Internal Revenue Service. To facilitate the use by the Internal Revenue Service of the restitution order as the basis for a civil assessment (see 26 U.S.C. § 6201(a)(4) and Plea Agreement ¶6), the United States respectfully requests that the restitution order include a breakdown of the tax loss applicable to each tax year at issue. These loss figures are set out in paragraph 89 of the Presentence Investigation Report.

Respectfully submitted,

R. BOOTH GOODWIN II
United States Attorney

By:
/s/Meredith George Thomas
MEREDITH GEORGE THOMAS
Assistant United States Attorney
WV Bar No.10596
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: meredith.thomas@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "SENTENCING MEMORANDUM" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 23rd day of April, 2015, to:

>Robert B. Allen, Esquire
>KAY, CASTO & CHANEY PLLC
>707 Virginia Street
>Suite 1500
>Charleston, WV  25301

>/s/Meredith George Thomas
>MEREDITH GEORGE THOMAS
>Assistant United States Attorney
>WV Bar No.10596
>300 Virginia Street, East
>Room 4000
>Charleston, WV 25301
>Telephone:  304-345-2200
>Fax:  304-347-5104
>Email:meredith.thomas@usdoj.gov