IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

**v.**  CRIMINAL NO. 2:14-00117

**DAVID E. RUNYON**

## MOTION OF THE UNITED STATES TO DISCLOSE POTENTIAL WITNESSES' STATEMENTS

Comes now the United States of America by Meredith George Thomas, Assistant United States Attorney for the Southern District of West Virginia, and respectfully requests that the Court permit the disclosure of the statements of certain potential witnesses, as described more fully below.

The Court is currently reviewing whether a factual basis exists for the schemes charged in Count One of the Information in this case. See ECF 33, 41. The Defendant is scheduled to be sentenced on Tuesday, June 9, 2015, at 2:00 p.m. While the parties are in agreement on relevant conduct, should the Court find that a factual basis exists for at least one scheme, but not other schemes ("deficient schemes"), the United States intends to respectfully request to put on additional, relevant evidence of the deficient schemes through testimony. This evidence is not contained within the Stipulation of Facts or Additional Stipulation of Facts. Pursuant to United States

Sentencing Guidelines §1B1.3, the United States anticipates that the testimony will show by a preponderance of the evidence that: (1) the deficient schemes were criminal insofar as they meet the elements of 18 U.S.C. § 1951; and (2) were part of the same course of conduct and common scheme or plan as the non-deficient schemes.

If necessary, the United States intends to call the vendors involved in any deficient schemes as witnesses. Federal Rule of Criminal Procedure 26.2 concerns the provision of witness statements to opposing counsel when the statements relate to the subject matter of the witness' testimony. Rule 32(i)(2) applies Rule 26.2 to sentencing. While Rule 26.2 requires a motion by the party who did not call the witness, in the interest of efficiency at the sentencing hearing, the United States seeks to bring this to the Court's attention ahead of the hearing and in an effort to fully comply with the Rules.[1]

---

[1] Rule 26.2 is addressed in the Southern District's standard arraignment order in part IV, section A. However, as this case originated as an information, rather than an indictment, there is no arraignment order.

Pursuant to the requirements of Federal Rules of Criminal Procedure 26.2 and 32(i)(2), the United States respectfully requests that the Court permit the disclosure to David Runyon of the following statements of potential witnesses in the related Presentence Investigation Reports:

1. Alvis Porter, Criminal Case No. 2:14-00112, <u>See</u> ECF 35 (sealed), Presentence Investigation Report, Paragraph 53;

2. Scott Ellis, Criminal Case No. 2:14-00111, <u>See</u> ECF 48 (sealed), Presentence Investigation Report, Paragraph 66; and

3. Stephen Herndon, Criminal Case No. 2:14-00110, <u>See</u> ECF 45 (sealed), Presentence Investigation Report, Letter attached to the PSR.

The United States has notified each of the counsel for Porter, Ellis and Herndon that the United States intends to file this motion. Counsel for Scott Ellis has represented that he does not oppose disclosure. Counsel for Alvis Porter has represented that he does not object to the disclosure should Porter be required to testify, but he objects to disclosure otherwise, and further reserves the right to request that unrelated facts, some of which are personal, be redacted. Counsel for Stephen Herndon objects to this motion because it was Herndon's understanding that the information contained in the statement would be kept confidential and that only the Court and the attorneys of record would see it. A proposed solution by

the United States and counsel for Herndon, without Herndon giving up his objection to any disclosure, would be for Herndon's statement, should he testify, be redacted so that only material that regards the subject of his testimony be provided to David Runyon.

Respectfully submitted,

R. BOOTH GOODWIN II
United States Attorney

/s/Meredith George Thomas
MEREDITH GEORGE THOMAS
Assistant United States Attorney
WV Bar No.10596
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email:meredith.thomas@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "Motion of the United States to Disclose Witnesses' Statements" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this the 5th day of June, 2015, to:

>Robert B. Allen, Esquire
>KAY, CASTO & CHANEY PLLC
>707 Virginia Street
>Suite 1500
>Charleston, WV  25301


>Samuel Marsh
>KAY, CASTO & CHANEY PLLC
>707 Virginia Street
>Suite 1500
>Charleston, WV  25301

and by United States mail to the following:

>J. Timothy DiPiero
>DITRAPANO BARRETT & DIPIERO
>604 Virginia Street, East
>Charleston, WV 25301
>*Counsel for Alvis Porter*

>Michael B. Hissam
>BAILEY & GLASSER
>209 Capitol Street
>Charleston, WV 25301-1386
>*Counsel for Scott Ellis*

>Mary Lou Newberger
>1410 Quarrier Street
>Charleston, WV 25301
>*Counsel for Stephen Herndon*

/s/Meredith George Thomas
MEREDITH GEORGE THOMAS
Assistant United States Attorney
WV Bar No.10596
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email:meredith.thomas@usdoj.gov