

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:14-00117
    18 U.S.C. § 1951
    26 U.S.C. § 7201

DAVID E. RUNYON

A M E N D E D   I N F O R M A T I O N

The United States Attorney Charges:

## COUNT ONE

(Extortion By Wrongful Use of Fear of Economic Loss)

1. At all relevant times, defendant DAVID E. RUNYON was the general manager of the Mountain Laurel Mining Complex ("Mountain Laurel"), which is owned by Mingo Logan Coal Company, a wholly owned subsidiary of Arch Coal, Inc. ("Arch"). Mountain Laurel was located in Sharples, Logan County, West Virginia.

### Mountain Laurel Kickback Scheme

2. As general manager, defendant DAVID E. RUNYON oversaw all aspects of the operation of Mountain Laurel, including the purchasing and the selection of vendors at Mountain Laurel.

3. From in or about 2006 through 2013, defendant DAVID E. RUNYON participated in, and benefited from, an assortment of extortion schemes where he and other Arch employees, including persons known and unknown to the United States Attorney,

including a specific Arch employee identified as "Known Person Four," were paid cash kickbacks by vendors in return for their continued business with Mountain Laurel. The primary scheme encompassed four component schemes: a general Rebuild Kickback Scheme, the Miner/Bolter Rebuild Kickback Scheme, the Construction Work Kickback Scheme, and the Contract Labor Kickback Scheme.

### Rebuild Kickback Scheme

4. From approximately 2006 through March 2011, Stephen B. Herndon ("S. Herndon") was the warehouse manager at Mountain Laurel. Among other duties, as warehouse manager, S. Herndon was responsible for soliciting bids for equipment rebuild jobs, which generally included the disassembly, cleaning and inspection of machines used in coal mining, with the rebuilding or replacement of parts that were worn, broken, or scheduled to be replaced.

5. At all relevant times, for any rebuild job over $25,000, Arch required that Mountain Laurel obtain three competitive bids from qualified vendors.

6. In approximately 2006, Known Person Four set up a scheme at Mountain Laurel with Tri-State Mine Repair to manipulate Arch's bidding process. In exchange for guaranteeing that Tri-State received a certain amount of rebuild work, other vendors were asked to submit bids which Known Person Four knew would not

2

receive the work because they would normally be original equipment manufacturers ("OEM") prices. To guarantee it would be the successful bidder and received work, Tri-State made a cash kickback to Known Person Four, which kickback was shared with defendant DAVID E. RUNYON.

7. S. Herndon, while warehouse manager at Mountain Laurel, sometimes facilitated the kickback payments by serving as a conduit for the transfer of cash between the vendor to defendant DAVID E. RUNYON and others known and unknown to the United States Attorney.

8. The vendors participating in the Rebuild Kickback Scheme included Tri-State Mine Service, Inc. ("Tri-State"), which was initially owned by Scott E. Ellis, who was later joined by S. Herndon in April 2011; and Carter Sales and Service ("CSS"), later replaced by Apex Mining Construction and Repair, Inc. ("Apex"), both owned by Donald R. Carter II.

9. Between sometime in 2009 through and until at least September 2013, Tri-State, by and through Scott E. Ellis and later Stephen B. Herndon, would and did pay approximately $425,000 in cash kickbacks to defendant DAVID E. RUNYON, Known Person Four, and others known and unknown to the United States Attorney, in exchange for Tri-State receiving certain rebuild jobs.

10. From approximately 2007 through 2012, Carter, through CSS and then Apex would and did pay approximately $380,000 in cash kickbacks to defendant Known Person Four, others known and unknown to the United States Attorney and defendant DAVID E. RUNYON in exchange for CSS, and later Apex, receiving certain rebuild jobs at Mountain Laurel.

11. Carter, Ellis and later S. Herndon all understood from their dealings with defendant DAVID E. RUNYON and others known and unknown to the United States Attorney that they would cease being vendors on the Mountain Laurel property if they stopped paying kickbacks.

12. If the vendors lost the Mountain Laurel business, defendant DAVID E. RUNYON understood each of them would suffer a loss of business and economic harm.

### Miner/Bolter Rebuild Kickback Scheme

13. Ronald Barnette owned and operated Mining Repair Specialist, Inc. ("MRS"), a corporation that performed equipment rebuild and repair work for various mining companies and mining related businesses in southern West Virginia, including rebuilding miners and roof bolters.

14. From approximately 2009 through and until at least sometime in 2012, Barnette would and did pay defendant DAVID E. RUNYON and others known and unknown to the United States

4

Attorney approximately $300,000 in cash kickbacks in exchange for received rebuild work related to miners and roof bolters.

15. Barnette understood from his dealings with defendant DAVID E. RUNYON that he would cease being a vendor on the Mountain Laurel property if he stopped paying kickbacks.

16. If the MRS lost the Mountain Laurel business, defendant DAVID E. RUNYON understood it would suffer a loss of business and economic harm.

### Construction Work Kickback Scheme

17. From late 2005 through and until at least early 2014, Alvis R. Porter operated Quality Oil, Inc. ("Quality Oil"), doing business as Southern Construction of Logan, on the site of Mountain Laurel. Quality Oil provided a variety of construction services to Mountain Laurel, including the rental and operation of heavy equipment.

18. From approximately 2009 through 2012, Porter would and did pay defendant DAVID E. RUNYON approximately $400,000 in cash in exchange for guaranteeing Quality Oil continued to receive construction work from Mountain Laurel.

19. Porter understood from his dealings with defendant DAVID E. RUNYON that he would cease being a vendor on the Mountain Laurel property if he stopped paying kickbacks.

20. If the Quality Oil lost the Mountain Laurel business, defendant DAVID E. RUNYON understood it would suffer a loss of business and economic harm.

### Contract Labor Kickback Scheme

21. From late 2005 through and until at least early 2014, David Herndon ("D. Herndon") owned and operated MAC Mine Service, Inc., which provided contract labor at Mountain Laurel. The coal miners were employees of MAC Mine Service, Inc. and MAC Mine Service, Inc. charged a fee to the Mountain Laurel Mining Complex for providing such labor.

22. From sometime in early 2009 through and until sometime in early 2013, D. Herndon would and did pay defendant DAVID E. RUNYON approximately $340,000 in cash in exchange for guaranteeing MAC Mine Service continue to receive the exclusive right to provide contract labor to Mountain Laurel.

23. D. Herndon understood from his dealings with defendant RUNYON that he would cease being a vendor on the Mountain Laurel property if he stopped paying kickbacks.

24. If MAC Mine Service lost the Mountain Laurel business, defendant DAVID E. RUNYON understood it would suffer an economic harm.

### EXTORTION BY WRONGFUL USE OF FEAR OF ECONOMIC LOSS

25. From in or about 2006 through 2013, in Sharples, Logan County, West Virginia, in the Southern District of West Virginia

6

and elsewhere, defendant DAVID E. RUNYON did knowingly obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion and attempt to do so in that, defendant DAVID E. RUNYON obtained and attempted to obtain the property of vendors performing services at the Mountain Laurel Mining Complex, with the consent of the vendors induced by the wrongful use of force and fear, including fear of economic loss.

In violation of Title 18, United States Code, Section 1951.

## COUNT TWO

### (Tax Evasion)

1. The United States Attorney re-alleges paragraphs 1-25 of Count One as if fully set forth herein.

2. On or about April 15, 2013, at or near Logan, Logan County, West Virginia, within the Southern District of West Virginia, defendant DAVID E. RUNYON did willfully attempt to evade and defeat a large part of the income tax due and owing by him and his spouse to the United States for the calendar year 2012, by preparing and causing to be prepared, and by signing and by causing to be signed, a false and fraudulent joint U.S. Individual Income Tax Return, Form 1040, on behalf of himself and his spouse, which was filed with the Internal Revenue Service. In fact, as he then and there knew, their taxable income for that calendar year was substantially in excess of the amount stated on the return based on the receipt of illegal cash kickbacks paid by various vendors at the Mountain Laurel Mining Complex, and, upon the additional taxable income, a substantial additional tax was due and owing to the United States of America.

In violation of Title 26, United States Code, Section 7201.

UNITED STATES OF AMERICA
R. BOOTH GOODWIN II
United States Attorney

By: *[signature]*
MEREDITH GEORGE THOMAS
Assistant United States Attorney