IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.                         CRIMINAL NO. 2:14-00117

**DAVID E. RUNYON**

### Response of the United States to Defendant's Motion for Modification or Reduction of Sentence

Comes now the United States of America by Meredith George Thomas, Assistant United States Attorney for the Southern District of West Virginia, and responds to Defendant's Motion for a Modification or Reduction of Sentence Pursuant to 18 U.S.C. § (c)(2) and Amendment to § 2B3.1(b)(7) of the Federal Sentencing Guidelines.  The United States opposes Defendant's motion for the following reasons.

### BACKGROUND

On June 9, 2015, the Court adjudicated defendant guilty of 18 U.S.C. § 1951 (extortion) and 26 U.S.C. § 7201 (tax evasion). ECF No. 248. The Court then calculated the advisory sentencing guidelines pursuant to USSG § 2B3.2 and § 2T1.1, among other guidelines.  Section 2B3.2 applies to "Extortion by Force or Threat of Injury or Serious Damage," and contains a cross reference to § 2B3.1(b)(7), which relates to amounts of loss.  In calculating the advisory sentencing guidelines under

USSG § 2B3.2 for Defendant's violation of 18 U.S.C. § 1951, the Court considered the cross reference in § 2B3.1(b)(7). See Presentence Report (ECF No. 49 (sealed)). The Court considered a variety of factors, then sentenced the defendant to 41 months imprisonment, a $15,000 fine, $1,325,485.05 in restitution, and 3 years supervised release.

On November 1, 2015, USSG § 2B3.1 was amended, and the advisory guidelines relating to the amount of loss were affected. Compare USSG § 2B3.1(b)(7) (effective Nov. 1, 2015) with USSG § 2B3.1(b)(7) (effective Nov. 1, 2014). This amendment is Amendment 791, in accordance with the Sentencing Commission's Supplement to Appendix C. Defendant files his motion relative to this amendment.

While Defendant does not specifically state that his motion is based on 18 U.S.C. § 3582(c)(2), the motion references subsection (c)(2) and amendments to the guidelines. See Def.'s Mot. at 1. Furthermore, § 3582 relates to the imposition of a sentence of imprisonment and subsection (c)(2) regards modifying an imposed term of imprisonment when a sentencing range has been lowered. § 3582(c)(2). Thus, the United States construes defendant's argument in his motion be based on § 3582.

**Applicable Law**

A Court may reduce a sentence in accordance with 18 U.S.C. § 3582(c)(2) only if the United States Sentencing Commission's

policy provides for such a reduction. § 3582(c)(2). The statute permits the Court to reduce the term of imprisonment when the guidelines have been amended if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id.

United States Sentencing Guideline § 1B1.10 provides the relevant policy statement for the applicability of 18 U.S.C. § 3582(c)(2), when the guideline on which the original sentence was based on has been amended after sentencing. This policy statement provides that only certain sentences are eligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). See USSG § 1B1.10(a)(2) (listing exclusions from retroactivity), (b). Only those sentences calculated under guidelines that are listed in § 1B1.10(d) are eligible for consideration for a reduction pursuant to 18 U.S.C. § 3582(c)(2). USSG § 1B1.10(a)(2)(a); see generally Dillon v. United States, 560 U.S. 817, 826 (2010) ("A court's power under § 3582(c)(2) thus depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive."); United States v. Goines, 357 F.3d 469, 473 (4th Cir. 2004) (discussing application of retroactive amendments). Amendment 791 is not listed as being retroactive in § 1B1.10(d).

Thus, the guideline at issue here is not retroactive. Here, the Court calculated the advisory guidelines in accordance

3

with USSG § 2B3.2 (cross-referencing § 2B3.1) and § 2T1.1, among other amendments. While Defendant correctly points out that an amendment to § 2B3.1 has occurred since his sentencing, an amendment to that guideline is not listed in § 1B1.10(d) as retroactive. Thus, defendant is not eligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and his motion should be denied.

Respectfully submitted,

R. BOOTH GOODWIN II
United States Attorney

/s/Meredith George Thomas
MEREDITH GEORGE THOMAS
Assistant United States Attorney
WV Bar No.10596
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email:meredith.thomas@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "Response of the United States to Defendant's Motion for Modification or Reduction of Sentence" has been electronically filed and service has been made on defendant via first class mail this the 17th day of December, 2015, to:

> David E. Runyon, Defendant
> Registration Number 12331-088
> FCI Morgantown
> Post Office Box 1000
> Morgantown, WV 26507-1000

> /s/Meredith George Thomas
> MEREDITH GEORGE THOMAS
> Assistant United States Attorney
> WV Bar No.10596
> 300 Virginia Street, East
> Room 4000
> Charleston, WV 25301
> Telephone: 304-345-2200
> Fax: 304-347-5104
> Email:meredith.thomas@usdoj.gov