IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CRIMINAL ACTION NO. 2:14-cr-00117

DAVID E. RUNYON,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment to 2B3.1(b)(7) of the Federal Sentencing Guidelines (the "3582 Motion").[1] (ECF No. 55.) During the sentencing hearing in this case on June 9, 2015, the Court applied a five-level enhancement for an amount of loss greater than $1,500,000, but equal to or less than $2,500,000 pursuant to U.S.S.G. §§ 2B3.2(b)(2) and 2B3.1(b)(7)(F). (*See* ECF No. 51 at 24–25; *see also* ECF No. 49 ¶ 104.) On November 1, 2015, the United States Sentencing Commission released an amended version of the Guidelines. This amended version included, in part, adjustments to the Guidelines pursuant to Amendment 791, which impacted loss tables throughout the Guidelines. *See* U.S. Sentencing Guidelines Manual, supplement to app. C (U.S. Sentencing Comm'n 2015). In pertinent part, Amendment 791 adjusted

---

[1] Defendant styled the 3582 Motion as his "Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. §(c)(2) [sic] and Amendment to 2B3.1(b)(7) of the Federal Sentencing Guidelines." (ECF No. 55.) In the 3582 Motion, Defendant requests a reduction of his sentence due to a subsequent amendment to the Guidelines. (*See id.*) The Court therefore construes the 3582 Motion as a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

1

the Section 2B3.1(b) loss table to provide for a four-level enhancement if the loss exceeded $1,500,000, but was equal to or less than $3,000,000. *Id.* This amendment constitutes a one-level decrease in the enhancement for loss amounts greater than $1,500,000, but equal to or less than $2,500,000. *See* U.S. Sentencing Guidelines Manual § 2B3.1(b)(7)(F) (U.S. Sentencing Comm'n 2014) (providing the loss table under Section 2B3.1(b)(7) in the 2014 version of the Guidelines).

Defendant filed the 3582 Motion on December 11, 2015. (ECF No. 55.) In this motion, Defendant requests a sentence modification following the reduction in the loss enhancements effectuated by Amendment 791 and the 2015 version of the Guidelines. (*See id.*) On December 17, 2015, the Government filed its opposition to the 3582 Motion, in which it argues that Defendant "is not eligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2)" because "Amendment 791 is not listed as being retroactive in [U.S.S.G.] § 1B1.10(d)." (ECF No. 56 at 3–4.)

"Section 3582(c)(2) authorizes the district court to reduce the sentence imposed on 'a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Goines*, 357 F.3d 469, 473 (4th Cir. 2004) (alteration in original) (quoting 18 U.S.C. §3582(c)(2)). In order to determine if a defendant is "eligibl[e] for a sentence modification" under 18 U.S.C. § 3582(c)(2), the district court must "follow the Commission's instructions in [U.S.S.G.] § 1B1.10." *Dillon v. United States*, 560 U.S. 817, 827 (2010). Section 1B1.10, in turn, "provides that a [defendant's] term of imprisonment is eligible for a reduction only if the amendment to the Guidelines Manual has been made retroactive and if the retroactive

2

amendment lowers the defendant's applicable guideline range." *United States v. Cabiness*, Criminal Action No. 4:02cr70031-1, 2008 WL 2906942, at *1 (W.D. Va. July 28, 2008) (citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(d) (U.S. Sentencing Comm'n 2015) (providing the list of retroactive amendments to the Guidelines). "A court's power under § 3582(c)(2) thus depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive." *Dillon*, 560 U.S. at 826.

In this case, Defendant's adjusted offense level and total offense level were lowered by one level due to the adjustments to the loss table in Section 2B3.1(b) provided by Amendment 791. (*See* ECF No. 49 ¶ 104 (providing a loss amount of $1,800,000)); *see also* U.S. Sentencing Guidelines Manual § 2B3.1(b)(7)(E) (U.S. Sentencing Comm'n 2015) (stating that a loss exceeding $1,500,000, but equal to or less than $3,000,000 results in a four-level increase in a defendant's offense level). However, the Sentencing Commission did not elect to make Amendment 791 retroactive. *See* U.S. Sentencing Guidelines Manual § 1B1.10(d) (U.S. Sentencing Comm'n 2015) (listing the retroactive amendments to the Guidelines). As such, Defendant is not eligible for a sentence reduction pursuant to Amendment 791 to the Guidelines. *See, e.g.*, *id.* § 1B1.10 cmt. n.1(A) (stating that "[e]ligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d)").

For these reasons, the Court finds that Defendant is not eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) due to Amendment 791 to the United States Sentencing Guidelines. The Court therefore **DENIES** the 3582 Motion. (ECF No. 55.)

    **IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

        ENTER:       January 4, 2016

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE